UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROLYN CATALANO, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> INFINITY SOLAR SYSTEMS LLC, a New Jersey company, <br><br> Defendant. | NO. <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY DEMAND** |

Plaintiff Carolyn Catalano ("Plaintiff Catalano" or "Catalano") brings this Class Action Complaint and Demand for Jury Trial against Defendant Infinity Solar Systems LLC ("Defendant Infinity Energy" or "Infinity Energy") to stop the Defendant from violating the Telephone Consumer Protection Act by making telemarketing calls *without consent* to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff Catalano, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Carolyn Catalano is a resident of Hopewell Junction, New York.

2. Defendant Infinity Energy is a New Jersey registered company headquartered in Pearl River, New York. Defendant Infinity Energy conducts business throughout this District and throughout the northern United States.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant since the Defendant conducts business in this District and specifically marketed to Plaintiff within this District. Venue is proper in this District since Infinity Energy has its headquarters in this District and because Plaintiff resides in this District.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12. According to online robocall tracking service "YouMail," 4 billion robocalls were placed in January 2021 alone, at a rate of 129.6 million per day. www.robocallindex.com.

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

16. Infinity Energy sells solar energy systems and provides the installation services for consumers throughout the northern United States.[3]

17. Infinity Energy generates leads for solar and mortgage companies through the use of telemarketing.

18. Infinity Energy places unsolicited calls to consumers in order to generate business, as per the Linkedin profile of Amanda Zurla, an Infinity Energy inside sales specialist:

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/infinity-solar-systems/about/



**Amanda Zurla**
Marketing Executive & Inside Sales Specialist at Infinity Solar Systems

**Marketing Executive & Inside Sales**
Infinity Solar Systems
Oct 2014 – Present · 6 yrs 5 mos
Pearl River, NY

-Created and managed all social media profiles including; Facebook, Twitter, Pinterest and Instagram.
-Coordinated company events (Home shows, trade shows, community fairs, street fairs etc.) to generate leads within our targeted audience and increase monthly sales.
-Assisted clients with basic questions pertaining to company services.
-Qualified homes for solar using Google Earth, Zillow and Bing.
-Responded to customer phone calls as well as initiating outbound cold calls.
-Communicated with homeowners on the phone and educated them on available incentive opportunities.
-Scheduled appointments with homeowners and provided confirmation support on scheduled appointments.[4]

19. In placing unsolicited calls to consumers, Infinity Energy is placing multiple calls to phone numbers that are registered on the DNC, such as Plaintiff's number.

20. As a means of distancing itself from the telemarketing it conducts, Infinity Energy telemarketers place calls using the name "Infinity Solar" as per Plaintiff's experience.

21. Infinity Energy telemarketers also place calls using the name SunPower in order to hide who they are when placing unsolicited telemarketing calls.[5]

22. Consumers have posted complaints online about unsolicited telemarketing calls they received from Infinity Energy, including:

- "Does anyone have any experience with Infinity solar lease programs for installing and maintaining solar panels on your residence? They cold called me, and are pretty aggressive. They preasured to set up a zoom meeting with me and asked for electric bills. Is this company legit?"[6]
- "Stop calling 3 times a day every day from different numbers…"[7]
- "… they call me non stop even when I tell them to remove my number from their database. These guys are scammers, they say it's Sunpower but it's just a scamming reseller, do not make the mistake of dealing with them, they won't leave you alone"[8]

---

[4] https://www.linkedin.com/in/amanda-zurla-92215347/
[5] https://www.google.com/maps/place/Infinity+Energy/
[6] https://www.reddit.com/r/Rockland/comments/l505es/infinity_energy_solar_lease_program/
[7] https://www.google.com/maps/place/Infinity+Energy/
[8] *Id.*

- "Just got a call from you folks. What's funny, you advertise as a company with long standing community [trust], yet you call me, breaking the 'do not call' laws…"[9]

23. In response to these calls, Plaintiff Catalano files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF CATALANO'S ALLEGATIONS

24. Plaintiff Catalano registered her phone number on the DNC on August 15, 2003.

25. Plaintiff Catalano's phone number is not associated with a business and is used for personal use only.

26. On December 18, 2020 at 10:50 AM, Plaintiff Catalano received an unsolicited phone call from Defendant to her phone number from the phone number 908-402-9311.

27. When Plaintiff answered the call a live employee came on the line and said they were calling from Infinity Solar.

28. Plaintiff hung-up, as she was not looking to get solar installed in her home.

29. Based on an investigation conducted by Plaintiff's attorneys, 908-402-9311 is not in service.

30. On January 22, 2021, Plaintiff received a second unsolicited call from Defendant to her phone from phone number 908-455-9264.

31. When Plaintiff answered the call a live employee came on the line and said they were calling from Infinity Solar.

32. The employee explained that the purpose of the call was for Plaintiff to get a quote on getting solar installed in her home.

33. Plaintiff listed to the employee and then hung-up the phone.

34. Based on an investigation conducted by Plaintiff's attorneys, 908-455-9264 is not in service.

---

[9] *Id.*

35. On January 28, 2021 at 4:28 PM, Plaintiff received a third unsolicited call from Defendant to her phone, this time from phone number 845-610-2841.

36. When Plaintiff answered the call, a live employee came on the line and said she was calling from Infinity Solar.

37. The employee said that her name is Hailey.

38. When Plaintiff asked how she could locate Infinity Solar online she was given the website TheNewUtility.com, which is Defendant's website.

39. Plaintiff Catalano has never provided her phone number to or consented to be called by Infinity Energy or any of its affiliates.

40. The unauthorized solicitation telephone calls that Plaintiff received from Infinity Energy, as alleged herein, have harmed Plaintiff Catalano in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

41. Seeking redress for these injuries, Plaintiff Catalano, on behalf of herself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited telemarketing calls to telephone numbers that are registered on the DNC.

## CLASS ALLEGATIONS

42. Plaintiff Catalano brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom Defendant claims it obtained the person's number in substantially the same manner it obtained Plaintiff's number.

43. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Catalano anticipates the need to amend the Class definitions following appropriate discovery.

44. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

45. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) whether Defendant Infinity Energy systematically made multiple calls to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to make the calls;

   (b) whether Defendant Infinity Energy's calls to Plaintiff and other consumers were made for telemarketing purposes;

   (c) whether Defendant's conduct constitutes a violation of the TCPA; and

   (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

46. **Adequate Representation**: Plaintiff Catalano will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Catalano has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Catalano and her counsel are committed to

vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Catalano nor her counsel have any interest adverse to the Class.

47. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Catalano. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Registry Class)**

48. Plaintiff Catalano repeats and realleges paragraphs 1 through 47 of this Complaint and incorporates them by reference.

49. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

50. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this

subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

51. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

52. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

53. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

54. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Catalano, individually and on behalf of the Class, prays for the following relief:

55. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Catalano as the representative of the Class; and appointing her attorneys as Class Counsel;

56. An award of actual and/or statutory damages and costs;

57. An order declaring that Defendant's actions, as set out above, violate the TCPA;

58. An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

59. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Catalano requests a jury trial.

DATED this 24th day of March, 2021.

        **CAROLYN CATALANO**, individually and on behalf of all others similarly situated,

        By: /s/ Stefan Coleman
        Stefan Coleman
        law@stefancoleman.com
        LAW OFFICES OF STEFAN COLEMAN, P.A.
        11 Broadway, Suite 615
        New York, NY 10001
        Telephone: (877) 333-9427
        Facsimile: (888) 498-8946

        Avi R. Kaufman*
        kaufman@kaufmanpa.com
        KAUFMAN P.A.
        400 NW 26th Street
        Miami, FL 33127
        Telephone: (305) 469-5881

        *Attorneys for Plaintiff and the putative Class*

        *\*Pro Hac Vice motion forthcoming*